IN THE

## SUPREME COURT

OF THE

## STATE OF LOUISIANA.

—◦◦◦—

EASTERN DISTRICT, JULY TERM, 1824.

—◦◦◦—

### BARRON & AL. vs. BLANCHARD.

APPEAL from the court of the first district.

In a joint
speculation, the
party who acts
ought to take the
necessary steps
to secure the
price of the
sale, or warn
that interested
with him of the
danger of a
loss; otherwise
he will be lia-
ble to indemni-
fy him.

MATHEWS, J. delivered the opinion of the court. This is a suit instituted by the plaintiffs to recover from the defendant, the proportion of the proceeds of a certain commercial adventure, which was made on the joint account of them and said defendant, and in which the latter seems to have been the acting partner.

In the investigation of the cause in the court below, no difficulty occurred in settling the respective claims of the parties, except in

relation to two items in the accounts, viz :
The amount of draw-back, on the goods ship-
ped, which was lost by neglecting to pursue
some formalities required by the custom-house
regulations ; and a note of Dutillet & Sagory,
the amount of which is alleged to have been
lost, by their insolvency, &c.

East'n District.
July, 1824.

BARRON & AL.
vs.
BLANCHARD.

The loss on account of draw-back was ad-
judged against the plaintiffs, and the correct-
ness of the judgment in relation thereto is not
questioned.

The defendant in the district court, who is
here appellant, complains of the judgment of
that court, in as much as it condemns him to
the alleged loss by D. & S. It is therefore un-
necessary to examine the cause farther than
relates to this question, which arises out of the
sale of Indigo, to them, previous to their fail-
ure ; being a part of the produce of the com-
mercial adventure, as above stated ; and in
which the plaintiffs and defendants, had a com-
mon interest.

The evidence of the case shews that the in-
digo was sold to D. & S. by the agency of the
appellant, (and with the consent of the appel-
lees, as appears from the testimony of one wit-
ness,) at a credit of 2 and 4 months, for the

price of which the vendee's notes were taken without endorsement, payable at those terms. It does not appear with certainty, to whom they were made payable; but the case has been argued as if they were given to the defendant, in his own name; and this from the whole testimony, we deem may be safely assumed as true. The first note was regularly paid. Previous to the time, at which the second became due, the promissors stopped payment; but were indulged by a concordat with their creditors to retain their property, and a respite of four years was granted to them.

There is no evidence that either the plaintiffs or the defendant assented to that arrangement, as creditors of said D. & S. It does not any where appear that the plaintiffs were even considered to be their creditors. The defendant seems to have been placed on that bilan, as a creditor for about $300, but his name does not appear amongst those who signed the concordat. At the time of the sale of the indigo, nearly the whole amount of the price, which would be coming to the appellees, was paid in the notes of the defendant to Barron & Brumtly, in anticipation of any final adjustment of the contract with D. & S. It is

not shewn that he ever notified the plaintiffs that he would look to them for a reimbursement of the sum advanced ; at any time, either before or after the failure of the purchasers of the indigo. He neither warned them of the necessity of taking any steps against said persons, as being the common debtors, nor does he appear to have pursued any himself. It is agreed by the parties, that the property finally ceded by the insolvents, will pay nothing to the chirographary creditors.

Allowing that the alleged payment by the appellant to the appellees, of their share of the price of the indigo, was not, in consequence of an absolute contract, by which they transferred, as a consideration, their interest in the claim on D. & S.; it remains to be ascertained whether he has not been guilty of such negligence, in not giving to them, information of the dangerous situation of the debt, and in not having pursued any measures calculated to secure its payment, as to subject himself to the whole loss. The judgment of the district court seems to be based principally on the ground of the defendant's liability to suffer this loss, as a consequence of his negligence ; and in this respect we cannot on an examination

East'n District. of all the evidence, say that it is erroneous.
July, 1824. If we add to this, the circumstance of the ap-
BARRON & AL. pellant appearing a creditor of D. & S. only
vs. for $300, and that the note, the amount of
BLANCHARD which is said to have been lost by their failure,
is not produced or accounted for; no good rea-
son appears, on which to reverse the judgment
of the court below.    The result, viz: a failure
to recover any thing from D. & S. might pos-
sibly have been the same under any notification
to the plaintiffs, or on the most strict and vig-
ilant pursuit, for the recovery of that note, by
the defendant, in his own name; but we are
of opinion that this event, ought not to screen
him from the effects of his apparent want of or-
dinary diligence.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Cuvillier* for the plaintiffs, *Derbigny* for the
defendant.